BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)
PAULA M. ROACH (254142)
600 B Street, Suite 1550
San Diego, CA 92101
Telephone: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com
proach@bholaw.com

CASEY GERRY SCHENK FRANCAVILLA
  BLATT & PENFIELD, LLP
DAVID S. CASEY, JR. (60768)
FREDERICK SCHENK (86392)
GAYLE BLATT (122048)
110 Laurel Street
San Diego, CA 92101
Telephone: 619/238-1811
619/544-9232 (fax)
dcasey@cglaw.com
fschenk@cglaw.com
gblatt@cglaw.com

Attorneys for Plaintiff

[Additional counsel appear on signature page.]

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HENRY GARCIA, On Behalf of Himself, All Others Similarly Situated and the General Public,<br><br>Plaintiff,<br><br>v.<br><br>SONY COMPUTER ENTERTAINMENT AMERICA, LLC,<br><br>Defendant. | Case No.: CV11 2246 MEJ<br>CLASS ACTION<br><br>CLASS ACTION COMPLAINT FOR:<br><br>1. VIOLATIONS OF THE UNFAIR COMPETITION LAW, BUSINESS AND PROFESSIONS CODE §17200 *et seq.*<br>2. VIOLATIONS OF CONSUMERS LEGAL REMEDIES ACT, CIVIL CODE §1750 *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Henry Garcia brings this action on behalf of himself and all others similarly situated against defendant Sony Computer Entertainment America LLC ("SONY"), and states:

## NATURE OF ACTION

1. SONY manufactures, advertises, and sells the Playstation®3 ("PS3") gaming system that includes a videogame console, Blu-Ray disc player, online gaming capabilities, and hard drive storage. SONY has reportedly sold over 80 million PS3 systems worldwide, including more than 12 million in the United States. SONY also licenses companies to create videogames that are playable only on the PS3.

2. The PS3 consoles are defective from the time of purchase because they overheat during normal and intended use of the SONY-authorized videogames, including Call of Duty: Modern Warfare 2 and Call of Duty: Black Ops (collectively "Call of Duty"). The overheating triggers a phenomenon known as the "Yellow Light of Death" or "YLOD." This defect renders the PS3 completely and permanently inoperable. Once the PS3 experiences YLOD, the consumer is unable to use videogames, watch Blu-ray discs, access the PS3's hard drive or otherwise use their PS3.

3. Despite knowledge of the inherent defect, SONY has not taken responsibility for and continues to deny the existence of a defect. Rather than confront the defect, which it fixed in later models of the PS3, SONY has covered up and profited from the defect, including by telling consumers that they should send the defective PS3 to Sony for a costly "repair." In reality, SONY sends consumers refurbished PS3's in the place of the PS3 that experienced the YLOD. The "refurbished" consoles contain the same inherent defect, which can fail in the same way again.

4. As a result of SONY's actions, Plaintiff has suffered injury in fact and lost money or property. Plaintiff brings this action on behalf of himself and other similarly situated consumers who purchased a PS3 console in order to halt the sale of these defective products, correct Sony's false and deceptive statements, and to obtain redress. Based upon its unfair conduct, Plaintiff alleges violations of the Consumers Legal Remedies Act and the Unfair Competition Law.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which some of the members of the class of plaintiffs are citizens of states different from SONY. Further, greater than two-thirds of the class members reside in states other than the state in which SONY is a citizen.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that many of the acts and transactions giving rise to this action occurred in this district and because defendant:

    (a) has its headquarters located in this district;

    (b) is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district through the promotion, marketing, distribution and sale of its products in this district;

    (c) does substantial business in this district; and

    (d) is subject to personal jurisdiction in this district.

7. Intradistrict Assignment: Pursuant to Civil Local Rules 3-2(c)-(d), and 3-5(b), defendant is headquartered in San Mateo County, this action otherwise arises in San Mateo County, and it is therefore appropriate to assign this action to the San Francisco Division.

## PARTIES

8. During the class period, Plaintiff Henry Garcia resided and continues to reside in Oceanside, California. During the class period, Plaintiff purchased a PS3 that is defective and suffered injury in fact and lost money as a result of SONY's unfair and deceptive practices described herein. While operating the Call of Duty: Black Ops videogame on or about January 2011, Plaintiff's PS3 experienced the YLOD, rendering the PS3 inoperable and useless. Because of the defect the PS3 would also not eject the Call of Duty: Black Ops videogame. If Plaintiff had known the truth about the defective nature of the PS3 he would not have purchased the PS3.

9. Defendant Sony Computer Entertainment America LLC ("SONY" or "SCEA") maintains its headquarters and principal place of business in Foster City, California.

1  According to its website, "SCEA serves as headquarters for all North American operations"
2  and "is a wholly owned subsidiary of Sony Computer Entertainment Inc."[1]  From its Foster
3  City headquarters, SONY develops, manufactures, markets, and sells Playstation® systems
4  throughout the United States, including the PS3 consoles at issue in this litigation.  As of
5  December 31, 2010, SONY sold over 83.6 million PS3 systems worldwide.  SCEA also
6  purports to service the PS3 consoles sent to it for repair.

### FACTUAL ALLEGATIONS

10.  Sony Computer Entertainment America, LLC was founded in 1994 as the North American division of Sony Computer Entertainment Inc. and according to its website, is responsible for the "continued growth of the PlayStation® market in the United States and Canada."[2]

11.  On November 17, 2006, SONY began selling PS3 consoles in the United States.  PS3 consoles have videogame, Blu-ray disc, and online capabilities and contain a pre-installed hard disk drive that ranges from 20GB to 320GB of storage capacity.[3]

12.  SONY has released several versions of PS3 consoles between November 2006 and the present that retail between $249 and $599 each, including: the 20GB PS3 (Model #CECHB01), released in November 2006; 40GB PS3 (Model # CECHG01), released in November 2007; 40GB console (Model # CECHH01), released in March 2008; a 60GB console (Model # CECHA01), released in November 2006; an 80GB PS3 released in August 2007 (Model # CECHE01) and again in August 2008 (Model # CECHK01) and October 2008 (Model # CECHL01).[4]  A 160GB model (Model #CECHP01) was released in November 2008.  All of these PS3 models experience YLOD and are defective.

13.  In September 2009, SONY began selling a new model of PS3 consoles referred to as "Slim" models.  The "Slim" PS3 consoles do not suffer from the same YLOD defects as the earlier models.

---

[1] http://www.sony.com/SCA/outline/computer.shtml
[2] http://us.playstation.com/corporate/about/
[3] http://us.playstation.com/corporate/about/theplaystationstory/
[4] http://us.playstation.com/support/answer/index.htm?a_id=232

3

00029912

BLOOD HURST & O'REARDON, LLP

14. Contrary to SONY's representations, all of the defective PS3 consoles at issue contain the same defective graphics processor unit ("GPU") that overheats during normal and intended, including while operating videogames such as Call of Duty. For example, when Call of Duty is played on the PS3 consoles, the GPU overheats, which causes the solder (the part that connects the GPU to the motherboard) to melt. Once the solder melts, the PS3 shuts down and a yellow light on the front of the PS3 will appear, indicating an internal system failure. This is commonly known as the "Yellow Light of Death" or "YLOD."

15. Once YLOD occurs, consumers are unable to turn the PS3 on, remove the videogame that is in the console, retrieve any information saved on the hard drive, and are otherwise unable to use the PS3.

16. SONY has not taken any responsibility for this defect nor does it even acknowledge that a defect exists. Instead, SONY continues to cover up the defect by instructing consumers to send the PS3 to SONY if the YLOD occurs. SONY never provides consumers with an explanation as to why the YOLD has occurred. In fact, SONY provides no troubleshooting steps that consumers can utilize to fix the issue on their own.[5]

17. On SONY's customer support website, under "What do the colors of the power and disc lights on the PlayStation®3 computer entertainment system mean?," SONY states: "When the power status light goes from green, to yellow, then to a flashing red, this means that there may be an issue with an internal part within the PS3 system. This may be caused by a variety of reasons and would need to be diagnosed at our service center." SONY further states, "When the power light flashes in this order, you must send your PS3 system in for service."[6]

18. Despite the fact that it was SONY that sold them a defective PS3 console, SONY charges consumers a uniform amount of either $99 or $150 plus applicable tax for the YLOD "repairs" that can take up to six weeks. But SONY does not fix the defect. Instead, SONY sends consumers a refurbished PS3 console that still contains the defective GPU.

---

[5] http://community.us.playstation.com/thread/720972
[6] http://us.playstation.com/support/answer/index.htm?a_id=1733

4

BLOOD HURST & O'REARDON, LLP

00029912

Consumers are not told that the refurbished PS3 console is still defective and will inevitably experience the YLOD and become inoperable.

19. SONY is acutely aware of the defect and the damage caused to consumers because they cannot use the PS3 as intended, and the PS3 is otherwise rendered completely useless. Thousands of consumers have complained about YLOD on internet message boards and blog posts and directly to Sony.

> On Sony's own "PlayStation® Community" message board, several consumers have complained about the defect, as well as Sony's efforts to cover it up and charge additional fees. As one consumer described on the "PlayStation® Community" message board:
>
> **60GB PlayStation 3 Yellow Light of Death**
>
> **(Please Help!)**
>
> Yesterday, January 14th 2010, I think my $600 investment died!
>
> When I woke up, I turned my TV and PlayStation 3 on as usual, The PlayStation 3 booted up . . . I walked out of my room for a good 5 minutes or so to get something to eat, I returned to my room to go play Modern warfare 2 and I noticed My Playstation 3's red light was blinking i thought this was rather odd so i preceded to turn it back on.
>
> When i pressed the power button the console beeped one time and the light turns green and the fans can be heard,
>
> Then quickly the fans shut down and i am presented with the Yellow Light Of Death,
>
> Then the light blinks red and the console beeps Three times and the light continue to blink red.
>
> Not only do I have the YLOD I also have Call of Duty:Modern Warfare 2 in the disk drive and it will not eject!
>
> I immediately contacted Sony and they told me, There was no troubleshooting steps for this issue and it Had to be sent in for repairs. They said without a warranty it would cost $149.99 to Repair the console and another $25 i believe for shipping. Then they asked if i wanted to send it in and exchange it for a PS3 that's only worth $300!
>
> They also told me there was no way to get my game out unless i send it in and get it repaired as they put it (unless of course you try different methods by yourself which would void the warranty and therefore we cannot fix your console).[7]

---

[7] http://community.us.playstation.com/thread/720972

00029912

5

20. SONY knows that its PS3 consoles are inherently defective and will experience YLOD because they contain defective GPUs and cannot be fully used as intended. But SONY never informs consumers of these facts. Specifically, SONY never informed Plaintiff and members of the Class that if certain games were used, the GPU would overheat, resulting in YLOD and loss of use of the PS3. Instead, SONY continues to sell the PS3 consoles, implying that all of its PS3 consoles are fully operational and non-defective, while knowing that the PS3 consoles are in fact defective.

21. SONY also knowingly misrepresents that the PS3 consoles can be used with all PS3 compatible videogames. On the packaging of the PS3 consoles and on its website, SONY represents that the "PS3 system is designed to play PlayStation®3 format software."[8] SONY however, fails to disclose that the PS3 cannot play all videogames that are "PlayStation®3 format software" because the GPU is defective and playing the videogames will result in complete inoperability of the PS3.

22. Because of SONY's material omissions concerning the PS3 consoles, consumers continue to purchase new but defective consoles, resulting in additional profits to SONY.

## CLASS DEFINITION AND ALLEGATIONS

23. Plaintiff brings this action on behalf of himself and members of a Class defined as:

> All persons who purchased all non-"Slim" models of SONY Playstation®3 consoles in the United States from the date they were first sold until the date notice is provided to the Class. Excluded from the Class are SONY, its officers, directors and employees and those who purchased SONY Playstation®3 consoles for the purpose of resale.

24. *Numerosity.* The members of the Class are so numerous that their individual joinder is impracticable. Plaintiff is informed and believes, and on that basis alleges, that the proposed Class contains hundreds of thousands of members.

25. ***Existence and Predominance of Common Questions of Law and Fact.*** Common questions of law and fact exist as to all members of the Class and predominate over

---
[8] http://us.playstation.com/support/answer/index.htm?a_id=232

6

any questions affecting only individual Class members. These common legal and factual questions include, but are not limited to, the following:

(a) whether the PS3's contain the same inherent defect;

(b) whether SONY has failed to disclose the PS3's inherent defect;

(c) whether the claims discussed above are true, or are misleading, or reasonably likely to deceive;

(d) whether SONY's alleged conduct violates public policy;

(e) whether the alleged conduct constitutes violations of the laws asserted;

(f) whether SONY engaged in false or misleading advertising;

(g) whether plaintiff and Class members have sustained monetary loss and the proper measure of that loss;

(h) whether plaintiff and Class members are entitled to an award of punitive damages; and

(i) whether plaintiff and Class members are entitled to declaratory and injunctive relief.

26. **Typicality.** Plaintiff's claims are typical of the claims of the members of the Class in that the defendant was unjustly enriched as a result of plaintiff's and the Class' respective purchases of PS3 videogame consoles.

27. **Adequacy of Representation.** Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained counsel experienced in complex consumer class action litigation, and plaintiff intends to prosecute this action vigorously. Plaintiff has no adverse or antagonistic interests to those of the Class.

28. **Superiority.** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against SONY. It would thus be impracticable or impossible for the proposed Class members to prosecute their claims

individually. The trial and litigation of plaintiff's claims present no unusual management difficulties.

29. In the alternative, the Class may also be certified because:

(a) the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudication with respect to individual Class members that would establish incompatible standards of conduct for the defendant;

(b) the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

(c) Defendant has acted or refused to act on grounds generally applicable to the Class thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

30. Unless a Class is certified, defendant will retain monies received as a result of its conduct that were taken from plaintiff and Class members. Unless a Class-wide injunction is issued, defendant will continue to commit the violations alleged, and the members of the Class and the general public will continue to be misled.

## COUNT I

### Violation of Business & Professions Code §17200, *et seq.*

31. Plaintiff repeats and realleges the allegations contained in the paragraphs above, as if fully set forth herein.

32. Plaintiff brings this claim individually and on behalf of the Class.

33. As alleged herein, plaintiff has suffered injury in fact and lost money or property as a result of defendant's conduct because he purchased a PS3 console in reliance on SONY's deceptive claims as alleged above.

34. The Unfair Competition Law, Business & Professions Code §17200, *et seq.* ("UCL"), prohibits any "unlawful," "fraudulent" or "unfair" business act or practice and any false or misleading advertising. In the course of conducting business, defendant committed

8

unlawful business practices by, *inter alia*, making the representations (which also constitutes advertising within the meaning of §17200) and omissions of material facts, as set forth more fully herein, and violating Civil Code §§1572, 1573, 1709, 1711, 1770, Business & Professions Code §§17200, *et seq.*, 17500, *et seq.*, and the common law.

35. Plaintiff and the Class reserve the right to allege other violations of law, which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date.

36. Defendant's actions also constitute "unfair" business acts or practices because, as alleged above, *inter alia*, defendant engages in false advertising, misrepresents and omits material facts regarding its PS3 consoles, and thereby offends an established public policy, and engages in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers. The gravity of defendant's conduct outweighs any benefits attributable to such conduct.

37. There were reasonably available alternatives to further SONY's legitimate business interests, other than the conduct described herein.

38. Business & Professions Code §17200, *et seq.*, also prohibits any "fraudulent business act or practice."

39. SONY's actions, claims, nondisclosures, and misleading statements, as alleged in this Complaint, were false, misleading and likely to deceive the consuming public within the meaning of Business & Professions Code §17200, *et seq.*

40. Plaintiff and other members of the Class have in fact been deceived as a result of their reliance on defendant's representations and omissions. This reliance has caused harm to plaintiff and other members of the Class. Plaintiff and other Class members have suffered injury in fact and lost money as a result of these unlawful, unfair, and fraudulent practices.

41. As a result of its unfair business practices, defendant has obtained unjust revenue and profits.

42. Unless restrained and enjoined, defendant will continue to engage in the above-described conduct. Accordingly, injunctive relief is appropriate.

43. Plaintiff, on behalf of himself, all others similarly situated, and the general public, seeks restitution of all money obtained from plaintiff and the members of the Class collected as a result of its unfair competition, an injunction prohibiting defendants from continuing such practices, corrective advertising and all other relief this Court deems appropriate, consistent with Business & Professions Code §17203.

## COUNT II

### Violations of the Consumers Legal Remedies Act – Civil Code §1750 *et seq.*

44. Plaintiff repeats and realleges the allegations contained in the paragraphs above, as if fully set forth herein.

45. Plaintiff brings this claim individually and on behalf of the Class.

46. This cause of action is brought pursuant to the Consumers Legal Remedies Act, Civil Code §1750, *et seq.* (the "Act"). Plaintiff is a consumer as defined by Civil Code §1761(d). The PS3 consoles are goods within the meaning of the Act.

47. SONY violated and continues to violate the Act by engaging in the following practices proscribed by Civil Code §1770(a) in transactions with plaintiff and the Class which were intended to result in, and did result in, the sale of the defective PS3 consoles:

   (5)   Representing that [PS3 consoles have] ... characteristics, ... uses [or] benefits ... which [they do] not have ....

   \*   \*   \*

   (7)   Representing that [the PS3 consoles are] of a particular standard, quality or grade ... if they are of another.

   \*   \*   \*

   (9)   Advertising goods ... with intent not to sell them as advertised.

   \*   \*   \*

   (16)  Representing that [PS3 consoles have] been supplied in accordance with a previous representation when [they have] not.

48. SONY violated the Act by representing through its advertisements the PS3 videogame consoles as described above when it knew, or should have known, that the representations and advertisements were unsubstantiated, false and misleading.

49. Pursuant to Civil Code §1782(d), plaintiff and the Class seek a Court order enjoining the above-described wrongful acts and practices of defendant and for restitution.

50. Pursuant to Civil Code §1782, by letter dated May 6, 2011, plaintiff notified defendant in writing by certified mail of the particular violations of Civil Code §1770 and demanded that defendant rectify the problems associated with the actions detailed above and give notice to all affected consumers of its intent to so act. A copy of the letter is attached as Exhibit 1. If defendant fails to rectify or agree to rectify the problems associated with the actions detailed above or give notice to all affected consumers within 30 days of the date of written notice pursuant to Civil Code §1782, plaintiff will amend this Complaint to add claims for actual, punitive and statutory damages, as appropriate.

51. Defendant's conduct is malicious, fraudulent and wanton.

52. Pursuant to Civil Code §1780(d), attached hereto as Exhibit 2 is the affidavit showing that this action has been commenced in the proper forum.

## PRAYER FOR RELIEF

Wherefore, plaintiff prays for a judgment:

A. Certifying the Class as requested herein;

B. Awarding plaintiff and the proposed Class members damages;

C. Awarding restitution and disgorgement of SONY's revenues to plaintiff and the proposed Class members;

D. Awarding declaratory and injunctive relief as permitted by law or equity, including: enjoining defendant from continuing the unlawful practices as set forth herein, and directing defendant to identify, with Court supervision, victims of its conduct and pay them restitution and disgorgement of all monies acquired by defendant by means of any act or practice declared by this Court to be wrongful;

E. Ordering SONY to engage in a corrective advertising campaign;

F. Awarding attorneys' fees and costs; and

G. Providing such further relief as may be just and proper.

///

# JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: May 6, 2011

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)
PAULA M. ROACH (254142)

By: /s/ Timothy G. Blood
TIMOTHY G. BLOOD

600 B Street, Suite 1550
San Diego, CA 92101
Telephone: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com
proach@bholaw.com

CASEY GERRY SCHENK FRANCAVILLA
 BLATT & PENFIELD, LLP
DAVID S. CASEY, JR. (60768)
FREDERICK SCHENK (86392)
GAYLE BLATT (122048)
110 Laurel Street
San Diego, CA 92101
Telephone: 619/238-1811
619/544-9232 (fax)
dcasey@cglaw.com
fschenk@cglaw.com
gblatt@cglaw.com

DAVID LIZERBRAM & ASSOCIATES
DAVID LIZERBRAM (222007)
2247 San Diego Avenue, Suite 235
San Diego, CA 92110
Telephone: 619/517-2272
619/393-0498 (fax)
david@lizerbramlaw.com

Attorneys for Plaintiff

# EXHIBIT 1



**BLOOD
HURST &
O'REARDON** | LLP

Timothy G. Blood
tblood@bholaw.com

May 6, 2011

**VIA CERTIFIED MAIL (RETURN RECEIPT)**
**(RECEIPT NO. 70050390000591562592)**

Mr. Jack Tretton
President and CEO
SONY COMPUTER ENTERTAINMENT LLC
919 East Hillsdale Blvd.
Foster City, CA 94404

Re:   *SONY Playstation®3*

Dear Mr. Tretton:

We represent Henry Garcia ("Plaintiff") and all other consumers similarly situated in an action against Sony Computer Entertainment America LLC ("Sony" or "defendant"), arising out of, *inter alia*, Sony's unlawful and unfair business acts and practices regarding its defective Playstation®3 ("PS3") gaming consoles.

Plaintiff and others similarly situated purchased PS3 gaming consoles, unaware of the fact that defendant's PS3 consoles are defective from the time of purchase because they overheat during normal and intended use of the Sony-authorized videogames, including Call of Duty: Modern Warfare 2 and Call of Duty: Black Ops. The overheating triggers a phenomenon known as the "Yellow Light of Death" or "YLOD." This defect renders the PS3 completely and permanently inoperable. Despite knowledge of the inherent defect, Sony has not taken responsibility for and continues to deny the existence of a defect. Rather than confront the defect, which it fixed in later models of the PS3, Sony has covered up and profited from the defect, including by telling consumers that they should send the defective PS3 to Sony for a costly "repair." The full claims, including the facts and circumstances surrounding these claims, are detailed in the Class Action Complaint, a copy of which is attached and incorporated by this reference.

These representations and omissions are false and misleading and constitute unfair methods of competition and unlawful, unfair, and fraudulent acts or practices, undertaken by defendant with the intent to result in the sale of PS3 gaming consoles to the consuming public.

Defendant's practices constitute violations of the Consumers Legal Remedies Act, California Civil Code §1750 *et seq*. Specifically, defendant's practices violate California Civil Code §1770(a) under, *inter alia*, the following subdivisions:

(5)   Representing that [the PS3 consoles] have . . . approval, characteristics, . . . uses [or] benefits . . . which they do not have . . . .

\* \* \*

00019349




**BLOOD HURST & O'REARDON | LLP**
Mr. Jack Tretton
May 6, 2011
Page 2

    (7)    Representing that [the PS3 consoles] are of a particular standard, quality or grade . . . if they are of another.

* * *

    (9)    Advertising goods or services with intent not to sell them as advertised.

* * *

    (16)    Representing that [the PS3 consoles have] been supplied in accordance with a previous representation when [they have] not.

As detailed in the attached Complaint, defendant's practices also violate California Business and Professions Code §17200 *et seq.*

While the Complaint constitutes sufficient notice of the claims asserted, pursuant to California Civil Code §1782, we hereby demand on behalf of our client and all others similarly situated that defendant immediately correct and rectify these violations by ceasing the misleading marketing campaign, ceasing dissemination of false and misleading information as described in the enclosed Complaint, and initiating a corrective advertising campaign to re-educate consumers regarding the truth of the PS3 consoles at issue. In addition, Sony must offer to refund the purchase price to all consumer purchasers of PS3 consoles, plus provide reimbursement for interest, costs, and fees.

We await your response.

Sincerely,

TIMOTHY G. BLOOD

TGB:lh

Enclosure

00019349

# EXHIBIT 2

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)
PAULA M. ROACH (254142)
600 B Street, Suite 1550
San Diego, CA 92101
Telephone: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com
proach@bholaw.com

CASEY GERRY SCHENK FRANCAVILLA
 BLATT & PENFIELD, LLP
DAVID S. CASEY, JR. (60768)
FREDERICK SCHENK (86392)
GAYLE BLATT (122048)
110 Laurel Street
San Diego, CA 92101
Telephone: 619/238-1811
619/544-9232 (fax)
dcasey@cglaw.com
fschenk@cglaw.com
gblatt@cglaw.com

Attorneys for Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HENRY GARCIA, On Behalf of Himself, All Others Similarly Situated and the General Public,<br><br>Plaintiff,<br><br>v.<br><br>SONY COMPUTER ENTERTAINMENT AMERICA, LLC,<br><br>Defendant. | Case No.:<br><br>CLASS ACTION<br><br>AFFIDAVIT OF THOMAS J. O'REARDON II PURSUANT TO CALIFORNIA CIVIL CODE §1780(d)<br><br>DEMAND FOR JURY TRIAL |

I, THOMAS J. O'REARDON II, declare as follows:

1. I am an attorney duly licensed to practice before all of the courts of the State of California. I am a member of the law firm of Blood Hurst & O'Reardon LLP, one of the counsel of record for plaintiff in the above-entitled action.

2. Defendant Sony Computer Entertainment LLC ("Sony") has done and is doing business in San Mateo County. Such business includes the development, marketing and sale of its Playstation®3 gaming consoles. Furthermore, Sony is headquartered in Foster City, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 6th day of May, 2011, at San Diego, California.

_____
THOMAS J. O'REARDON II

00029912

1